

IT IS HEREBY ADJUDGED and
DECREED this is SO ORDERED.

*The party obtaining this order is responsible for noticing it pursuant to Local Rule 9022-1.*

Dated: January 30, 2012

*Randolph J. Haines*

Randolph J. Haines, Bankruptcy Judge

Ronald L. Hoffbauer (State Bar No. 6888)
**DAVID WROBLEWSKI & ASSOCIATES**
20 E. Thomas Rd. Ste. 2600
Phoenix, Arizona 85012
Tel:   602.266.4570
Fax:   602.230.2027
Ronaldh@arizonalawcenter.com
Attorney for Debtors

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

In re:

MARCUS A. KING
xxx-xx-3928
And
KRISLYN S. KING
xxx-xx-0564

7832 E. Glade Avenue
Mesa, AZ 85209

Debtors.

In Proceedings Under Chapter 13

Case No.: **2:10-bk-23162-RJH**

**STIPULATED ORDER CONFIRMING FIRST AMENDED CHAPTER 13 PLAN AND APPLICATION FOR PAYMENT OF ADMINISTRATIVE EXPENSE**

The First Amended Chapter 13 Plan having been properly noticed out to creditors,

**IT IS ORDERED** Confirming the First Amended Plan of the Debtors as follows:

1. **INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of future income to the Trustee for distribution under the Plan.

   a.  Future Earnings or Income. Debtors shall make the following monthly Plan Payments:

   | Months | Dates | Payments |
   |---|---|---|
   | 1-60 | August 2010 through July 2015 | $1,245.00 |

   The payments are due on or before the **20th** day of each month commencing August, 2010. Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. **Any funding shortfall must be cured before the plan can be discharged.**

   The Debtors shall provide, directly to the Trustee copies of their **federal** and **state** income tax returns for 2010, 2011 and 2012 while in the bankruptcy case, within 15 days of filing. The purpose is to assist the Trustee in determining any change in Debtors' annual disposable income.

In re: Marcus and Krislyn King
Case No.: 2:10-bk-23162-RJH

b. Other Property. In the event that other property is submitted, it shall be treated as supplemental payments. In no event will the term of the Plan be reduced to less than 60 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

2. **DURATION.** This Plan shall continue for 60 months from the first regular monthly payment described in Paragraph 1(a) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate.

3. **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified and paid as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. §586(e), then the Trustee will pay creditors in the following order:

   a. Administrative Expenses:

   Attorney Fees. Phillips & Associates shall be allowed total compensation of $4,000.00. Phillips & Associates received $4,000.00 prior to filing this case and will be paid $ 0.00 by the Chapter 13 Trustee. David Wroblewski and Associates shall be allowed total compensation of $0.00 and will be paid $0.00 by the Chapter 13 Trustee.

   b. Claims Secured by Real Property:

   **BAC HOME LOANS SERVICING**, secured by a lien on Debtors' primary residence located at 7832 E. Glade Avenue, Mesa, AZ, shall not be paid through the Plan. Regular post-petition payments will be made outside the Plan direct to the secured creditor by the Debtors.

   c. Claims Secured by Personal Property:

   **STATE FARM FINANCIAL SERVICES**, secured by 2006 Nissan Sentra shall be paid $10,562.50 together with interest at 5.74%. STATE FARM FINANCIAL SERVICES shall receive adequate protection payments of $106.00 per month. This claim is bifurcated and the balance of the claim shall be classified and paid as a non-priority general unsecured claim.

   **STATE FARM FINANCIAL SERVICES**, secured by 2006 Chevrolet Colorado shall be paid $12,735.00 together with interest at 5.74%. STATE FARM FINANCIAL SERVICES shall receive adequate protection payments of $127.00 per month. This claim is bifurcated and the balance of the claim shall be classified and paid as a non-priority general unsecured claim.

   d. Unsecured Priority Claims:

   None.

In re: Marcus and Krislyn King
Case No.: 2:10-bk-23162-RJH

2

Case 2:10-bk-23162-DPC   Doc 40   Filed 01/30/12   Entered 01/31/12 07:39:08   Desc
Main Document - Amended Chapter 13 Plan and Notice of Date to File Objection   Page 2 of 4

e. Leases or Executory Contracts.

   None.

f. Surrendered Property.

   None.

g. Co-Debtor Claim(s):

   None.

h. Other Provisions:

   None.

i. Unsecured Non-priority Claims. All other claims shall be classified as unsecured and non-priority. Such claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. § 1328.

4. **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtors upon confirmation.

**DATED SIGNED AND ORDERED AS STATED ABOVE**

Approved as to Form and Content By:

DAVID WROBLEWSKI & ASSOCIATES

By: *(signature)*
Ronald L. Hoffbauer
20 East Thomas Road, Suite 2600
Phoenix, AZ 85012
*Attorneys for Debtors*

STANDING CHAPTER 13 TRUSTEE

Russell Brown
2012.01.24
16:17:04 -07'00'

By: _____
Russell Brown
3838 N. Central Avenue, Suite 800
Phoenix, AZ 85012-1965

In re: Marcus and Krislyn King
Case No.: 2:10-bk-23162-RJH

Case 2:10-bk-23162-DPC   Doc 40   Filed 01/30/12   Entered 01/31/12 07:39:08   Desc
Main Document - Amended Chapter 13 Plan and Notice of Date to File Objection   Page 3 of 4

**Plan Summary.** If there are any discrepancies between the Plan and this Plan analysis, the provisions of the confirmed Plan control.

    Administrative Expense: ................................................................................................$0.00
    Priority claims: ..............................................................................................................$0.00
    Payments on Leases or to cure Defaults, Including Interest: ......................................$0.00
    Payments on Secured claims, Including Interest ................................................$24,584.92
    Payments on Unsecured, Non-priority Claims: ...................................................$42,645.08
    Subtotal: ................................................................................................................$67,230.00
    Trustee's Compensations (10%) of Debtors' Payments): .......................................$7,470.00
    Total Plan Payments: ...........................................................................................$74,700.00

**Section 1325 Analysis.**
    (1) Best Interest of Creditors Test:
        (a) Value of Debtors; Interest in nonexempt property: ......................................$1,015.00
        (b) Plus; Value of property recoverable under avoiding powers: ...............................$0.00
        (c) Less: estimated Chapter 7 administrative expenses: ..........................................$253.75
        (d) Less: Amount payable to unsecured priority creditors: .......................................$0.00
        (e) **Equals**: Est. amount payable to unsecured, non-priority claims if debtors filed
            Chapter 7: ..............................................................................................................$761.25

Paragraph (2) to be completed by debtors whose current monthly income exceeds the state's median income
    (2) Section 1325(b) Analysis;
        (a) Amount from line 59, form B22C, Statement of Current Monthly Income: .....$713.29
        (b) Applicable Commitment Period: ..............................................................................x 60
        (c) Section 1325(b) amount ((B)(1)amount times 60): ...................................$42,797.40
    (3) Estimated Payment to Unsecured, Non-priority Creditors under the Plan: ........$42,645.08

In re: Marcus and Krislyn King
Case No.: 2:10-bk-23162-RJH

4

Case 2:10-bk-23162-DPC   Doc 40   Filed 01/30/12   Entered 01/31/12 07:39:08   Desc
Main Document - Amended Chapter 13 Plan and Notice of Date to File Objection   Page 4 of 4